IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JUSTIN NOEL, | * |
| Plaintiff, | * |
| vs. | *   No. 3:11-cv-00267-SWW |
| PARAGOULD VAULT COMPANY, INC., and CASEY ROGERS, | * |
| Defendants. | * |

ORDER

Plaintiff Justin Noel brings this action against defendants Paragould Vault Company, Inc. and Casey Rogers alleging employment discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 *et seq*. The matter is before the Court on motion of plaintiff to compel pursuant to Fed.R.Civ.P. 37 [doc.#10]. Plaintiff claims defendant Paragould Vault Company has not responded to his First Set of Interrogatories and First Set of Requests for Production and that it has not submitted its Initial Disclosures. Plaintiff states that the time for Paragould Vault Company to respond to his discovery and submit its Initial Disclosures has passed and that he attempted in good faith to resolve the dispute without court intervention but was unsuccessful in doing so.[1] Paragould Vault Company has not responded to plaintiff's motion to compel and the time for doing so has passed.

---

[1] Plaintiff has submitted documentation of his attempt to resolve the dispute without court intervention.

The Court hereby grants plaintiff's motion to compel and orders that within ten (10) days of the date of entry of this Order, defendant Paragould Vault Company provide to plaintiff full and complete responses to plaintiff's First Set of Interrogatories and First Set of Requests for Production, and provide to plaintiff full and complete Initial Disclosures. Because it has granted plaintiff's motion to compel, the Court must require Paragould Vault Company to pay plaintiff's reasonable fees incurred in making the motion to compel, including attorney's fees, unless Paragould Vault Company demonstrates that its failure to respond to plaintiff's discovery requests and provide plaintiff its Initial Disclosures "was substantially justified" or that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). See also *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 720 (8th Cir. 2010) (noting that "[u]pon granting a motion to compel, a court must require the party 'whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees'" and that "[s]uch payment must be ordered unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the nondisclosure was substantially justified, or (3) other circumstances would make the award of expenses unjust") (quoting Fed.R.Civ.P. 37(a)(5)(A)).

IT IS THEREFORE ORDERED that within ten (10) days of the date of entry of this Order, defendant Paragould Vault Company provide to plaintiff full and complete responses to plaintiff's First Set of Interrogatories and First Set of Requests for Production, and provide to plaintiff full and complete Initial Disclosures.

IT IS FURTHER ORDERED that within twenty-one (21) days of the date of entry of this Order, plaintiff file a motion for reasonable expenses, including attorney's fees, incurred in

making his motion to compel (to which Paragould Vault Company will have an opportunity to respond in accordance with the Federal Rules of Civil procedure and this Court's Local Rules).

Dated this 17th  day of April 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE